UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                              Case No.: 13-44870

    *Brian Rautenberg,*                              Chapter 13 Case

        Debtor.

------------------------------

### TRUSTEE'S RESPONSE TO DEBTORS' AMENDED MOTION FOR VALUATION

TO:  All parties in interest pursuant to Local Rule 9013-3.

    1.     Gregory A. Burrell, chapter 13 trustee, makes the following response to the debtor's Motion for Valuation of Secured Claim of Mortgagee.

    2.     The court will hold a hearing on the motion at 10:30 a.m. on January 16, 2014 in Courtroom No. 8 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

    3.     The motion is based on the procedure outlined in Local Rule 3012-1.  In addition, the debtor has entered into a stipulation with the junior lien holder.

    4.     According to the Local Rule, the hearing on motions such as these should be held "contemporaneously with the hearing on confirmation of the plan."  It is the trustee's understanding that this requirement was inserted into the local rule to comply with the 11 U.S.C. § 506(a)(1) requirement that the value of property is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of the property, and in conjunction with any hearing on such disposition or use *or on a plan affecting such creditor's interest.*" (emphasis added).  The debtor has filed a pre-confirmation modified chapter 13 plan, noticed for hearing on the same date and same time as the present motion.  The timing of this motion is therefore consistent with the rule's requirement.

    5.     The debtor's valuation is based on an appraisal stating the market value of the property as of September 1, 2013 and the case was filed on October 4, 2013.  The trustee is reasonably satisfied that the debtor has satisfied the burden of proof on valuation.  The trustee notes that the appraised value is $305,000 and the motion, ¶ 11, states the balance of the "first secured mortgage in the amount of $305,000.00 as of the date of the commencement of this case."[1]  Therefore, any lack of equity for the junior mortgage is nominal.  If the appraisal undervalued the property by even $1, there may be equity to attach to the junior mortgage.

    6.     The motion appears to have attached to it all of the items required by Local Rule

---

[1] The $305,000 figure in ¶ 11 of the debtor's motion may be a typo.  It is certainly inconsistent with representations in other documents.  According to the debtor's Schedule D, the first mortgagee has a secured claim of $308,941.

3012-1(b).

7.   As noted on the owners and encumbrances report attached to the motion, both the junior and senior mortgages were originally granted by "Brian J. Rautenberg and Lisa M. Rautenberg, husband and wife" as both co-borrowers and co-mortgagors.  While this may raise issues regarding whether the lienstrip will be effective at the end of the plan, the trustee believes that issue is appropriately addressed at the end of the plan term.  While the original motion was not served on Ms. Rautenberg, the certificate of service indicates that the amended notice of hearing and motion were served upon her.  Docket 25.

8.   The trustee notes that under Local Rule 3012-1(c)(1), "The motion must be served in compliance with FED. R. BANKR. P. 9014(b) on all parties identified in Local Rule 9013-3(a)(1) and all creditors identified pursuant to paragraph (b)(2)(E) of this rule."  The Federal Rule, in turn, states:  "The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004."  It appears that "Bank of America" and "Bank of New York Mellon" are or may be "insured depository institutions" (as defined in section 3 of the Federal Deposit Insurance Act[2]); therefore, the specific service requirements of FED. R. BANKR. P. 7004(h) apply.  Service appears to be proper.

9.   The relief requested by the proposed order appears to be consistent with that contemplated by Local Rule 3012-1(e). The language of the debtor's preconfirmation modified chapter 13 plan appears to be broader than that contemplated by the Local Rule because it provides that "The second mortgage shall be void upon completion of the payments under this plan" instead of merely allowing the debtor to seek further relief under Local Rule 3012-1.

WHEREFORE, the trustee prays that the court hold the hearing on the motion, and such other relief as may be just and equitable.

Gregory A. Burrell, Chapter 13 Trustee

Dated: January 10, 2014                     Signed: /e/ Karl J. Johnson
                                            Karl J. Johnson, ID #391211
                                            Margaret H. Culp, ID # 180609
                                            Counsel for Chapter 13 Trustee
                                            310 Plymouth Building
                                            12 South 6th Street
                                            Minneapolis, MN 55402
                                            (612) 338-7591

## VERIFICATION

I, Karl J. Johnson, employed by Gregory A. Burrell, the Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 10, 2014              Signed: /e/ Karl J. Johnson

---

[2] *See, 12 U.S.C. § 1813(a)*, referencing "banks" and "former savings associations."

------------------------------

In re:                                          Case No.: 13-44870

    *Brian Rautenberg,*                     Chapter 13 Case

        Debtor.

------------------------------

## UNSWORN DECLARATION FOR PROOF OF SERVICE

     I, Dawn Kassa, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on January 10, 2014, I served Trustee's Response to Motion to Value on all filing users and others who have consented to electronic service in this case, by electronic mail, as disclosed on the notice of electronic filing herein, and on the individual(s) listed below, in the manner described:

**<u>By first class U.S. mail, postage prepaid:</u>**
Brian Rautenberg
2369 Tart Lake Road
Lino Lakes, MN 55038

Orin J. Kipp
Wilford, Geske & Cook, P.A.
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125-4393

Bank of America, N.A.
C/o Usset, Weingarden & Liebo, PLLP
4500 Park Glen Road, Suite 300
Minneapolis, MN 55416

     And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: January 10, 2014                     <u>/e/ Dawn Kassa</u>